# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RAMON ESTEBAN MALDONADO PARRA, | ) ) ) | CASE NO.4:04CV920 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) ) | |
| ALBERTO GONZALES, | ) ) | MEMORANDUM OF OPINION |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Interim Report and Recommendation of the Magistrate Judge recommending the Court grant Defendant's Amended Motion to Dismiss (ECF Dkt#13) Petitioner's habeas corpus claim for lack of subject matter jurisdiction and Petitioner's alternate claim for declaration of U.S. national status by allegiance. The Magistrate Judge further recommends the Court deny Respondent's Motion to Dismiss Petitioner's claim brought under 28 U.S.C. 1503(a) for declaratory relief as this Court does have subject matter jurisdiction and Respondent's Motion to Dismiss requires examination of evidence outside the pleadings. After careful consideration, the Court ADOPTS the

1

Magistrate Judge's Report and Recommendation in part, and modifies in part. Therefore, the Court grants Defendant's Motion, in part, dismissing Petitioner's habeas claims and denies at this time, Defendant's Motion to dismiss Petitioner's claim under 28 U.S.C. §1503(a).

## FACTS

Petitioner is currently in the custody of the Federal Bureau of Prisons serving a term of 380 months on his convictions for conspiracy to distribute cocaine in violation of 21 U.S.C. 841(b)(1)(A) and use of a communication facility to commit a felony in violation of 21 U.S.C. 843(b). Petitioner seeks an order compelling the Department of Homeland Security/ Immigration Nationalization Service to issue a certificate of citizenship or to issue an identity document as a national of the United States, pursuant to 8 U.S.C. 1503(a) and 28 U.S.C. 2241 et seq.

Petitioner alleges he is entitled to a determination of citizenship based on derivative citizenship. Petitioner's father became a naturalized citizen of the United States in 1981 when Petitioner was sixteen. Plaintiff applied for citizenship in 2001 and was denied. Petitioner alleges he filed a timely appeal and no determination has been made as of the filing of his petition.

## Law and Analysis

Petitioner has not filed an Objection to the Magistrate Judge's Report and Recommendation. If no timely objection is filed, the district court does not need to review the Magistrate Judge's recommendation de novo but need only review it for clear error. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Furthermore, failure to file a timely objection to the Magistrate Judge's Report and Recommendation waives the right to appeal the Report and

2

Recommendation. *U.S. v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**Petitioner's Habeas claim**

The Magistrate Judge recommends dismissal of the Petitioner's habeas claim for lack of jurisdiction. The Magistrate Judge determined Petitioner is not in the custody of the U.S. Immigration and Customs Enforcement Agency (ICE) a department under the Department of Homeland Security replacing the former Immigration and Naturalization Service on March 1, 2003. While Petitioner is under an ICE detainer, no removal proceedings have been initiated and Petitioner remains in the custody of the Federal Bureau of Prisons. The Magistrate's Report found, "for a district court to have subject matter jurisdiction over Petitioner's habeas claims with respect to an ICE detainer the Petitioner must be in the custody of the ICE or its predecessor agency." *Prieto v. Gulch,* 913 F.2d 1159, 1162-63 (6th Cir. 1990). "While an alien may file a §2241 petition challenging his removal proceedings, an alien is not "in custody" for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if the INS has filed a detainer order with the prison where the petitioner is incarcerated." *Garcia-Echaverria v. U.S.,* 376 F.3d 507, 510-511 (6th Cir. 2004). Therefore, Petitioner may not maintain a habeas action under an ICE detainer when he is not in the custody of ICE.

Furthermore, Petitioner incorrectly brought suit against an improper custodian. As the Magistrate Judge stated, "a habeas petition must be served upon 'the person having custody of the person detained.'" See U.S.C. §2243, *Braden v. 30th Judicial Circuit Ct. of Ky.* 410 U.S. 484, 494-95 (1974), *De Los Santos v. U.S.,* 133 Fed Appx. 992, 993 (6th Cir. 2005). As

3

Petitioner is not in the custody of the Attorney General, this Court lacks subject matter jurisdiction over Petitioner's habeas claim.

### National of the United States by Allegiance claim

Petitioner contends once a permanent resident alien completes an application for naturalization and gives a statement of allegiance to the United States they become a national of the United States. The Magistrate Judge found persuasive the reasoning of the Ninth Circuit Court of Appeals in *Perdomo-Padilla v. U.S.*, 333 F.3d 964 (9th Cir. 2003), rejecting the same argument. Petitioner has not objected to the Magistrate Judge's Recommendation and the Court concurs with the Magistrate Judge that the mere completion of an application and statement of allegiance does not confer national status pursuant to the reasoning in *Perdomo-Padilla*.

### Petitioner's 8 U.S.C. §1503 claim

Petitioner seeks a declaration of U.S. nationality under 8 U.S.C. 1503(a), which states:

(a) Proceedings for declaration of United States nationality

If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

Petitioner's 8 U.S.C. 1503 claim alleges,
"[w]hen Petitioner received the INS denial order of April 29, 2003, he quickly filed an

4

> appeal within 30 days to the Administrative Appeals Unit (AAU) in Washington D.C. Almost one year with no response from the AAU. Petitioner has reasons to believe that the long delay may well be construed as a denial, warranting a reauest (sic) under 8 U.S.C. 1503 in this Court as Petitioner is not now nor has he ever been under immigration deportation proceedings."

Petition pg. 5 footnote 1.

The Magistrate Judge found the government's Motion to Dismiss should be converted to a Rule 56 Motion for Summary Judgment as it included evidence outside the Petition. This Court finds that the government's Motion to Dismiss was brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

Fed R. Civ. P. 12 goes on to state:

> If, **on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56**, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. (Emphasis added).

Respondent asserts Petitioner has not exhausted his administrative remedies as his own Petition confirms he has not received a determination by the AAU. Therefore, this Court lacks subject matter jurisdiction to hear the claims. As subject matter jurisdiction challenges are bought under 12(b)(1), this Court may not convert a Motion to Dismiss to a Rule 56 summary Judgment motion under 12(b)(1). Rule 12 only permits conversion of claims brought under 12(b)(6). Therefore, the Court departs from the Magistrate Judge's

5

recommendation and finds the Court may not convert the Motion to Dismiss to a Motion for Summary Judgment on the issue of subject matter jurisdiction.

When challenged on a Motion to Dismiss, it is Petitioner's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986). The most common method of challenging subject matter jurisdiction is on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Such challenges are brought by two different methods: (1) facial attacks; and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 476, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations,.... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings." *Walters* at 752. (Citation omitted).

Respondent has expressly termed its Motion to Dismiss a factual attack on the subject matter jurisdiction of this Court. (Objection at 13). Therefore, although this Court may not convert Respondent's Motion to a summary judgment motion, it may refer to evidence outside the Petition to determine subject matter jurisdiction.

6

Respondent has challenged Petitioner's assertion that he filed an appeal. The Respondent offers the testimony of Records Supervisor of the U.S. Citizenship and Immigration Services. The Records Supervisor found no record that Petitioner filed an appeal with the AAU. The Court has not been apprised of any evidence by Petitioner that supports his contention he filed an appeal. The Magistrate Judge's Interim Report and Recommendation indicates Petitioner has not had an opportunity to offer evidence in support of his contention that he filed an appeal. Therefore, this Court returns this matter to the Magistrate Judge to permit evidence on the filing of Petitioner's appeal.

Therefore, the Court grants Defendant's Motion, in part, dismissing Petitioner's habeas claims and denies at this time, Defendant's Motion to dismiss Petitioner's claim under 28 U.S.C. §1503(a).

IT IS SO ORDERED.

8/21/06
Date

CHRISTOPHER A. BOYKO
United States District Judge