UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON ESTEBAN | ) | Case No.   4:04 CV 0920 |
| MALDONADO PARRA, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| ALBERTO GONZALES, | ) | (Regarding ECF 1, 29) |
| | ) | |
| Defendant,[1] | ) | Magistrate Judge James S. Gallas |
| | ) | |

On May 17, 2004 plaintiff Ramon Esteban Maldonado Parra, a federal prisoner serving a 380 month sentence from June 1993 drug-related convictions, filed his petition pursuant to 8 U.S.C. §1503 and 28 U.S.C. §2241 requesting that the court compel the Department of Homeland Security to issue on his behalf a certificate of citizenship, or in the alternative, an identity document recognizing him as a national of the United States.  Plaintiff claims derivative citizenship through the naturalization of his father prior to plaintiff's eighteenth birthday under a former version of 8 U.S.C. §1432(b) (repealed effective February 27, 2001).  Respondent moved to dismiss the petition for lack of subject matter jurisdiction.  The motion to dismiss was granted to deny subject matter jurisdiction over petitioner's habeas claim and to dismiss the "alternate claim" for declaration of U.S. national status.  The motion was denied on Parra's final remaining claim, brought under 8 U.S.C. §1503(a), due to a factual dispute over subject matter jurisdiction.  The governing statute allows a person who "claims a right or privilege as a national of the United States and is denied such

---

[1] John Ashcroft was originally named as respondent, and his successor is substituted pursuant to Fed. R. Civ. P. 25(d)(1).  Additionally the capacities of the parties have been changed from petitioner-respondent to plaintiff-defendant to reflect the dismissal of the federal habeas corpus claim, leaving only the claim for derivative citizenship under 8 US.C. §1503.

4:04 CV 0920                                                  2

right or privilege by any department or independent agency" to institute an action "for a judgment declaring him to be a national of the United States."  The prerequisite to prosecuting this declaratory action is a "final administrative denial of such right or privilege" *Id; U.S. v. Breyer*, 41 F.3d 884, 8891-92 (3rd Cir. 1994); *Nelson v. U.S.*, 107 Fed. Appx. 469, 471 (6th Cir. 2004).  Defendant contends that Parra did apply for citizenship on January 26, 2001, with the Immigration and Naturalization Service, and the application was denied on April 29, 2003.  However, there was a dispute whether Parra took further administrative appeal. Parra alleged in the complaint that he had pursued an administrative appeal. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2006), quoting *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), *cert. denied* 544 U.S. 961 (2005). The Court agreed that Parra should have the opportunity to offer evidence in support of his contention that he filed an appeal, and the case was remanded to resolve this factual dispute.

Subsequent to remand, on September 7, 2006 and again on November 30, 2006, Parra filed briefs and exhibits  to supplement the record (ECF #25, 26).  Parra again argues that the district court had jurisdiction over his habeas corpus §2241 claim because he was being held in custody of the U.S. Immigration & Customs Enforcement.  He also argues that he was entitled to derivative citizenship.  Finally, he appears to argue that the attached exhibits are evidence that he filed an appeal to the Administrative Appeal Unit (**AAU**) in Washington, D.C. from the denial of the

4:04 CV 0920                                        3

citizenship application.  Defendant counters with a renewed motion to dismiss (ECF #29-30) correctly stating that plaintiff's habeas arguments are barred since no objection was filed to the magistrate judge's recommendation, and further his argument that he is entitled to derivative citizenship is also barred because it addresses the merits of the case which were not before the court. Defendant correctly points out that the sole issue before the district court at this time is the matter of subject matter jurisdiction.


The additional exhibits furnished by plaintiff including the affidavit from Glorida Ledbetter fail to establish that his appeal of the denial of his application to the AAU, was received.  Plaintiff's own Exhibit 1 is the April 29, 2003 notice stating his application for certificate of citizenship was denied and clearly informing him that he may appeal this decision within 30 days to the AAU with submission of the filing fee of $110.  Ms. Ledbetter's affidavit states that in May 2003 she received "another package" from plaintiff and purchased a money order in the amount of $110.00 and mailed the "package."  She further states that she subsequently moved and that she did not retain copies or receipts for the mailed funds.   The affidavit establishes, at best, only that Parra made the attempt to appeal his denial to the AAU.  Defendant points that Ms. Ledbetter did not state where the package was mailed, did not describe the nature of the correspondence or attached proof of mailing. Nonetheless, the quibbling over the facts are unimportant because even taking Parra's exhibits as true, they fail to establish subject matter jurisdiction, i.e., in this matter that the appeal to the AAU was received.

In this case there are two positions to consider -- the allegations in the "petition," and the defendant's argument that no appeal was taken to the AAU.  In his "petition" Parra claimed that

4:04 CV 0920                                        4

when he receive the INS notice dated April 29, 2003, he immediately filed an appeal to the AAU. According to Parra, there was no response from the AAU and consequently Parra believed that his appeal should be construed as a denial, warranting this case under 8 U.S.C. §1503(a).  Parra's allegation places his case in the delayed adjudication category.  At least one court has recognized due process interests and the right to constitutionally satisfactory procedures in the administrative resolution of claims before the AAU.  See *Breyer v. Meissner*, 23 F.Supp.2d 540, 546-48 (E.D. Pa. 1998).  However, Parra alleges no denial of due process.  His claim was that the delay should be deemed an unfavorable resolution of his administrative appeal.  Nevertheless because he has raised his claim under 8 U.S.C. §1503(a), the delayed adjudication argument falls on the sword of nonexhaustion of administrative remedies.  See *Bothyo v. INS*, 783 F.2d 74, 75 (7th Cir. 1996) (administrative appeal to agency was still pending and thus administrative remedy is not yet exhausted); *Russell v. INS*, 1999 WL 675255 at *2-*3 (N.D. Ill.) (court lacks jurisdiction due to nonexhaustion.)

Defendant's assertion is that Parra failed to perfect his appeal from the denial of  his form N-600 application for derivative citizenship. This position, considering the time elapsed in this matter from Parra's alleged appeal to the AAU, appears to be factually correct.  Parra according to his affidavit may have attempted to file an appeal, but for unknown reason, no appeal was received by the AAU.[2]  Plaintiff's application was denied with notice that if plaintiff wished to appeal, he was required to submit his appeal to the U.S. Department of Justice Immigration and Naturalization

---

[2] One point to note is that the derivative citizenship proceeding is separate from a removal proceeding, in the event that removal proceedings have been instituted against Parra.  See *Allen v. Adams*, 2004 WL 838011 at *2 (W.D. Tex.); *Garcia-Izquierdo v. Gartner*, 2004 WL 2093515 *2 n. 1 (S.D. N.Y.) and see 8 C.F.R. §341.1, 8 U.S.C. §1452(a).

4:04 CV 0920                                        5

Office in Buffalo, New York, and "[i]f you do not file an appeal within the time allowed, this decision is final."  The notice further stated, "Appeal in your case may be made to:" followed by two paragraphs preceded by boxes.  The first paragraph applied to the Bureau of Immigration Appeals and that box was unmarked.  The second paragraph read, "The Administrative Appeals Unit (AAU) in Washington, D.C.  It must reach this office within <u>30 calendar days</u> from the date this notice is served (33 days if this notice is mailed)."  This second box was marked.  Then following in bold print, the notice stated "Do <u>NOT</u> send your appeal directly to the Board or the AAU.  Please direct any questions you may have to the Immigration and Naturalization Service office nearest your residence."  (Exhibit 1 attached to complaint.)

The statutes and regulations provide that denial of the application may be appealed to the AAU in accordance with the procedures set out under 8 U.S.C. §1452(a) (addressing procedures for those claiming citizenship pursuant to 8 U.S.C. §1401(g); and see 8 C.F.R. §103.3(a) (governing appeals following denial), 8 C.F.R. §322.5(b) ( addressing requirements for child born outside the United States); and 8 C.F.R. §341.6 (addressing general requirements for certificate of citizenship).  This notice was adequate to notify Parra of the procedural requirements of where to send any appeal, the necessity of prompt filing, and  that "it must reach this office within <u>30 calendar days</u> . . ."  As provided under 8 C.F.R.§322.5(b), an appeal may be filed with the AAU on Form I-290B with the required fee and further that "[t]o be timely filed, an appeal must be filed within 30 days of service of the decision."

4:04 CV 0920                                            6

   Any factual dispute over plaintiff's attempt to appeal this matter is irrelevant because the rule set out under 8 C.F.R. §322.5(b) is that "[a]fter an application for certificate of citizenship has been denied and the time for appeal has expired a second application submitted by the same individual shall be rejected and the applicant will be instructed to submit a motion for reopening for reconsideration in accordance with 8 CFR 103.5[ ]," and that, "[t]he motion shall be accompanied by the rejected application and the fee specified in 8 CFR 103.7." *Id.*[3]  Further, if Parra's appeal were to be received now, it could be treated as a motion to reopen.  See 8 C.F.R. §103.3(a)(2)(v)(B)(2).  It is plain that Parra did not exercise this administrative remedy to attempt to rectify a lack of timely appeal, regardless of cause. Consequently, there is no "final administrative denial" because Parra has not prosecuted a motion to reopen – a procedure available to those who fail to timely appeal. The renewed motion to dismiss Para's remaining claim raised under 8 U.S.C.§1503(a) for lack of subject matter jurisdiction should be granted.

   Additionally though, the undersigned finds it necessary to distinguish the misleading language in the holdings from two cases in the Third Circuit.  The leading case interpreting the phrase "final administrative denial," *U.S. v. Breyer,* states simply:

> If the applicant is denied a certificate, he or she may initiate a declaratory judgment action in federal court under §1503(a) requesting a judicial declaration of citizenship.  (footnote omitted). *Id.*, 41 F.3d at 892.

This statement appears to require only an initial denial of a form N-600 application for certificate of citizenship to confer subject matter jurisdiction.  As stated, this is inaccurate.  Further, in an

---

[3] This language appears in 8 C.F.R. §322.5(b) in 2002 as well as after the amendments effective in 2003.

4:04 CV 0920                                          7

application of *Breyer,* in *Kajtazi v. INS*, 2005 WL 261971 (D. N.J.), the district court found a final

administrative denial existed after the denial of the form N-600 application for certificate of

citizenship "coupled with rejection" of the appeal from that decision.  *Id.* at \*5.  That administrative

appeal, though, had been rejected due to untimeliness.  *Id.* at \*4.  The language in *Breyer* diminishes

the importance of exercising administrative remedies before there is a "final administrative denial,"

and *Kajtazi* appears to place no significance on the reopening mechanism available pursuant to 8

C.F.R §103.3, §103.5 and  8 C.F.R. §322.5(b), for untimely appeals.


         However, the facts in *Breyer* show that there had been no attempt to take an administrative

appeal.  Likewise in *Kajtazi*, while no §103.3(a)(2)(v)(B)(2) motion to reopen had been filed to

appeal dismissal for untimely appeal, the Citizenship and Immigration Services Agency had

reopened the case on its own motion.  *Id.* at \*4.  Thus, although the language in *Kajtazi* and *Breyer*

diminish the importance of utilizing the administrative appeal process, factually in *Breyer* there had

not been exhaustion of the form N-600 application for derivative citizenship,  and, for all practical

purposes, in *Kajtazi* the agency's *sua sponte* reopening sufficed as an appeal from the prior dismissal

of an untimely appeal- so under the circumstances there had been exhaustion of administrative

remedies.


         Parra has not so much as obtained any form of rejection from the AAU.  Consequently

despite any confusion caused by  cases from the Third Circuit, Parra has not obtained the

prerequisite "final administrative decision" for jurisdiction under 8 U.S.C.§1503(a). Federal statutes

and regulations provide a derivative citizenship process and permit appeal of unfavorable

4:04 CV 0920                                              8

determinations.  See *Ewers v. INS*, 2003 WL 2002763 at *2 (D. Conn.).  This process and appeal must be exhausted in order to obtain a "final administrative denial" of such right or privilege before the right accrues to seek declaratory judgment under 8 U.S.C. §1503(a), and the exhaustion requirement is jurisdictional.  See *Ewers, supra*; *Todd-Murgas v. Samuels*, 2007 WL 1202726 at *2 (D. N.J.); *Breyer*, 41 F.3d at 891-92.  Consequently, this court lacks jurisdiction to hear Parra's remaining claims brought under 8 U.S.C. §1503(a) and accordingly should not reach the issues involved in determining whether or not Parra has met the requirements for derivative citizenship. It would be inappropriate to address Parra's arguments and consequently dismissal should be without prejudice to the underlying dispute over citizenship.


### *CONCLUSION AND RECOMMENDATION*

It is recommended that the defendant's motion brought under Fed. R. Civ. P. 12(b)(1) be granted and the case be dismissed without prejudice.

                                        s/James S. Gallas
                                    United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: July 2, 2007